# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

No. 10 Civ. 3449 (RJS)

_____

In re the Petition Under 28 U.S.C. Section 2254 for

MICHAEL JOHNSON,

Petitioner.

_____

MEMORANDUM AND ORDER
August 27, 2013

_____

RICHARD J. SULLIVAN, District Judge:

Michael Johnson ("Petitioner" or "Johnson") brings this petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254, challenging his conviction in New York State Supreme Court, Bronx County, on counts of first degree assault, fourth degree criminal possession of a weapon, second degree aggravated harassment, third degree attempted assault, and third degree menacing, for which he was sentenced to a term of imprisonment of twelve and one-half years. Before the Court is the Report and Recommendation (the "Report") of the Honorable Andrew J. Peck, Magistrate Judge, recommending that the Petition be denied, as well as Petitioner's objections to the Report. For the following reasons, the Court adopts the Report in its entirety and denies the Petition.

I. BACKGROUND

A. Facts[1]

On January 23, 2007, Tenaja Cochrane ("Cochrane" or "Complainant") was stabbed repeatedly in the arm and neck in the Bronx. (Opp'n at 3-6.) Cochrane was treated for her life-threatening injuries at Bronx Lebanon Hospital, where she told doctors and police that she had been stabbed by

---

[1] The facts are taken from the Petition, Petitioner's brief in support of his State Court appeal ("Johnson App. Br."), the brief in opposition to Petitioner's State Court appeal ("Opp'n"), and the affidavits, declarations, and exhibits attached thereto. In ruling on this Petition, the Court also considered the transcripts from the state criminal trial ("Tr."), the transcript from the pre-trial *Molineux* hearing ("H."), and the transcript from the state sentencing hearing ("Sent."), as well as the Report and the Petitioner's Objections to the Report ("Objections" or "Obj.").

Petitioner. (Johnson App. Br. at 21-22; *see* Tr. at 61, 67.) On February 20, 2007, a Bronx grand jury charged Petitioner with attempted murder in the second degree, assault in the first degree, two counts of assault in the second degree, criminal possession of a weapon in the fourth degree, four counts of aggravated harassment in the second degree, attempted assault in the third degree, petit larceny, and menacing in the third degree. (Opp'n at 3.) Petitioner's trial commenced on February 26, 2008, before the Honorable Joseph J. Dawson, Supreme Court Justice, and a jury. (Tr. at 1.)

At trial, the Prosecution presented the testimony of Cochrane (Tr. at 24-40, 54-93, 111-53), the owner of the crack house where the assault took place, who also witnessed the assault (Tr. at 212-25); the emergency room physician who treated Cochrane after the assault (Tr. at 226-63); and the social worker who spoke to Cochrane at the hospital (Tr. at 188-205). Cochrane testified that on the night of the stabbing, Petitioner had threatened to kill her. (Tr. at 35-36.) Thereafter, Petitioner threw Cochrane to the floor, took "something shiny" from "out of [his] waist" (Tr. at 58, 216, 220-21), and began stabbing Cochrane, first in the arm and then in the neck, as she fought back (Tr. at 58-59, 79).

To provide context and background for the assault, Cochrane testified that she and Petitioner previously had been involved in a romantic relationship. (Tr. at 28-29.) According to Cochrane, the relationship ended on "bad terms" (Tr. at 31) when, in late 2006, Petitioner assaulted her (Tr. at 29). Cochrane referred to the prior assault three times during her testimony. (Tr. at 29, 31-34, 91-92.) However, prior to trial, Justice Dawson had conducted a hearing, pursuant to *People v. Molineux*, 168 N.Y. 264 (1901), in which he ruled that evidence of this previous assault was inadmissible because the risk of "unfair prejudice outweigh[ed] the probative value" of Cochrane's testimony. (H. 8.) Accordingly, following Cochrane's testimony on the subject, Justice Dawson struck the "gratuitous remark[s]" from the record and gave curative instructions to the jury to disregard Cochrane's statements regarding the prior assault. (Tr. at 32, 92, 181.)

Also, during her testimony, Cochrane stated that Petitioner purchased illegal drugs on the night of the stabbing, which Justice Dawson deemed to be testimony concerning an "uncharged crime." (Tr. at 40, 44.) Outside the presence of the jury, Justice Dawson denied the "extreme and drastic remedy" of a mistrial, but offered to give the jury a curative instruction that Petitioner was not being charged with possessing any illegal drugs and that any of Cochrane's claims to that effect should be disregarded. (Tr. at 48-49.) However, defense counsel declined the curative instruction, fearing that it would "magnify" the statements for the jury. (*Id.*)

Petitioner presented no evidence at trial. (Tr. at 288.)

On February 29, 2008, the jury returned a guilty verdict against Petitioner on counts two, four, five, six, and eight for assault in the first degree, criminal possession of a weapon in the fourth degree, aggravated harassment in the second degree, attempted assault in the third degree, and menacing in the third degree, respectively. (Tr. at 418.) On March 26, 2008, Judge Dawson sentenced Petitioner to a term of imprisonment of twelve and one-half years on the assault count, to be served concurrently with lesser sentences of one year for the criminal possession of a weapon count, ninety days for the aggravated harassment count, sixty days for the

2

attempted assault count, and sixty days for the menacing count. (Sent. at 11.)

Petitioner appealed his conviction to the Appellate Division, First Department, arguing that (1) "[t]he verdict was against the weight of the evidence," and (2) Cochrane's testimony that Petitioner had previously assaulted her and bought drugs on the night of the stabbing violated the pretrial *Molineux* ruling.[2] (Johnson App. Br. at 23, 36.) On November 19, 2009, the Appellate Division unanimously affirmed Johnson's conviction. *People v. Johnson*, 888 N.Y.S.2d 506, 507 (1st Dep't 2009). The Court of Appeals then denied Petitioner's application for leave to appeal on March 1, 2010. *People v. Johnson*, 899 N.Y.S.2d 136 (2010).

B. Procedural History

Petitioner commenced this action on April 26, 2010, by filing the Petition, arguing that (1) the verdict was against the weight of the evidence, and (2) Petitioner was denied a fair trial as a result of Cochrane's testimony regarding previous uncharged crimes. (Doc. No. 2.) On April 29, 2010, the case was referred to Magistrate Judge Peck for a report and recommendation. (Doc. No. 3.) On June 3, 2010, Respondent filed its Opposition to the Petition. (Doc. No. 5.) On August 6, 2010, Judge Peck issued his 52-page Report, recommending that the Petition be denied. (Doc. No. 9.) Specifically, Judge Peck found that (1) Petitioner's first claim was not cognizable under habeas review, (2) even if it were, it was meritless, and (3) the uncharged crime testimony did not deprive Petitioner of a fundamentally fair trial. (*Id.*)

---

[2] The issue of Petitioner's drug possession was not raised at the *Molineux* hearing. (*See* H. at 3-9.) Nevertheless, the Court here repeats Petitioner's framing of the issues on appeal.

Petitioner timely filed his Objections on August 24, 2010. (Doc. No. 10.)

II. LEGAL STANDARD

A federal court may grant habeas corpus relief only if a claim that was adjudicated on the merits in state court (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. Fed. R. Civ. P. 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). A court may accept those portions of a report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (citing Fed. R. Civ. P. 72(b) and *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). To the extent that a petitioner makes specific objections to a magistrate judge's findings, the court must undertake a *de novo* review of the petitioner's objections. *See* 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). However, where the objections are "conclusory or general," or where a petitioner "simply reiterates his original arguments," the report should be reviewed only for clear error. *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (citation and internal quotation marks omitted); *accord Cartagena v. Connelly*, No. 06 Civ. 2047 (LTS) (GWG), 2008 WL 2169659, at *1 (S.D.N.Y. May 23, 2008). Objections of parties appearing *pro se* are "generally accorded

3

leniency" and construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*, No. 05 Civ. 6527 (KMW) (DCF), 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008) (internal quotation marks omitted).

### III. DISCUSSION

Petitioner raises two principal objections to the Report. First, Petitioner challenges the Report's finding that the curative instructions to the jury were sufficient, maintaining that the only permissible cure was to declare a mistrial. (Obj. at 3.) Second, Petitioner claims that Judge Peck's application of the standard of review under 28 U.S.C. § 2254 is flawed, and that the Court should be free to review his claim *de novo* and order a new trial. (Obj. at 4-5.)

#### A. Curative Instructions

Petitioner's first objection merely reiterates his argument in the Petition and does not raise specific concerns with findings in the Report. As noted above, where a petitioner "simply reiterates his original arguments," a court should review a report and recommendation only for clear error. *Walker*, 216 F. Supp. 2d at 292. The Court finds no error in Judge Peck's analysis of the curative instructions and thus adopts the well-reasoned Report on this issue. Indeed, even if the Court were to apply the more demanding *de novo* standard, it would reach the same conclusion with respect to the law and its application to the facts at trial. Put simply, the Court finds that the Report correctly applied the "fundamental fairness" standard articulated in *Dowling v. United States*, 493 U.S. 342, 352 (1990), and appropriately concluded that Petitioner "was not deprived of a fundamentally fair trial" (Report at 45-49).

#### B. 28 U.S.C. § 2254 Deferential Review

The Court assumes for argument's sake that Petitioner's second objection – to Judge Peck's application of the standard of review under 28 U.S.C. § 2254 – is a separate objection and not merely a reiteration of Petitioner's concerns regarding the insufficiency of Justice Dawson's curative instructions. Because this objection was not, and indeed could not have been, addressed in the Report, the Court reviews it *de novo*.

Petitioner argues that Judge Peck's application of 28 U.S.C. § 2254 is deficient because he failed to conduct a *de novo* review of the Petition in light of Petitioner's claims of constitutional violations. (*See* Obj. at 4 (arguing that 28 U.S.C. § 2254 "DOES NOT preclude habeas review where a XIV Amendment claim is brought forth in a clear context of abuse by the State").) Accordingly, Petitioner argues that Judge Peck impermissibly failed to conduct an "honest review where constitutional abuses are brought forth." (*Id.*) Presumably, this "honest review" is in contrast with the Report's conclusion that 28 U.S.C. § 2254 requires a highly deferential standard of review with respect to the State Court's legal rulings. (Report at 24, 27.)

In determining the proper standard of review, the Report relied on the Second Circuit's interpretation of 28 U.S.C. § 2254 in a habeas case involving a similar state court evidentiary ruling. (Report at 45 (citing *Jones v. Stinson*, 229 F.3d 112 (2d Cir. 2000)).) In *Jones*, the Second Circuit held that, although "[o]n direct review, [the court] might have concluded" that a statement at trial "created reasonable doubt that did not otherwise exist. As a habeas court, . . . [the court's] review is limited to whether the appellate division's ruling was objectively reasonable, not whether it was correct." *Jones*, 299 F.3d at 121. This

4

standard has been oft-repeated in Second Circuit precedent. *See, e.g.*, *Hubrecht v. Artus*, 457 F. App'x 29, 31-32 (2d Cir. 2012) ("An erroneous evidentiary ruling does not rise to the level of constitutional error unless the omitted evidence evaluated in the context of the entire record creates a reasonable doubt that did not otherwise exist." (internal quotation marks omitted)); *Dunlap v. Burge*, 583 F.3d 160, 165 (2d Cir. 2009) ("Thus, a federal court might agree with a petitioner that the relevant federal law should have been interpreted differently than the way it was interpreted by the state court yet still conclude that the state court's application of the federal law was not unreasonable.").

On appeal, the First Department concluded that the "drastic remedy of a mistrial was not warranted, because the curative actions that were either provided by the court, or offered by the court but rejected by defendant, were sufficient to prevent defendant from being prejudiced." *Johnson*, 888 N.Y.S.2d at 505-07. Judge Peck determined that this was not an objectively unreasonable application of Supreme Court precedent, and the Court cannot disagree.[3] (Report at 50-51); *see, e.g.*, *Mercedes v. McGuire*, No. 08 Civ. 299 (JFB), 2010 WL 1936227, at *8 (E.D.N.Y. May 12, 2010) ("[T]he Supreme Court has never held that a criminal defendant's due process rights are violated by the introduction of prior bad acts or uncharged crimes."); *Tingling v. Donelli*, No. 07 Civ. 1833 (RMB) (DCF), 2008 WL 4724567, at *9 (S.D.N.Y. Oct. 24, 2008)

("[T]he Supreme Court has not directly held that due process is violated by the introduction at trial of evidence of a defendant's uncharged crimes."). Because Judge Peck properly applied a deferential standard of review to the appellate court's rulings under 28 U.S.C. § 2254, the Court rejects Petitioner's second objection.[4]

C. Remaining Findings

To the extent that Petitioner does not object to the Report's remaining findings concerning the weight and sufficiency of the evidence presented at trial, the Court finds no clear error and adopts those portions of the Report in full.

III. CONCLUSION

For the foregoing reasons, the Court adopts the Report in its entirety and denies the Petition. A certificate of appealability will not issue because Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *see also Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005). The Clerk of the Court is respectfully directed to enter judgment in favor of Respondent and to close this case.

SO ORDERED.

_____
RICHARD J. SULLIVAN
United States District Judge

Dated: August 27, 2013
　　　　New York, New York

---

[3] It must also be noted that Judge Peck's application of the deferential 28 U.S.C. § 2254 standard was an *alternative* holding to his conclusion that the First Department was correct in deciding that a mistrial was not warranted. (Report at 50 ("[E]ven if the First Department were wrong (which it was not), this Court cannot say that the First Department's decision was an unreasonable application of Supreme Court precedent . . . .").)

[4] In any event, as noted above, even if the Court *were* to apply the more demanding *de novo* standard to the state appellate court's ruling, it would reach the same conclusion with respect to the sufficiency of the curative instructions provided by the state trial court.

\* \* \*

Petitioner is proceeding *pro se*. A copy of this order has been mailed to: Michael Johnson, 08-A-1825, Sing Sing Correctional Facility, 354 Hunter Street, Ossining, New York 10562.

Respondent is represented by Nancy Darragh Killian of the Bronx District Attorney's Office, 198 East 161 Street, Bronx, New York 10451.



USDS SDNY
DOCUMENT
ELECTRONICALLY
DOC #:
DATE         8-27-13